**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**LACEY GALJOUR**                                                     **PLAINTIFF**

**v.**                              **CIVIL CASE 1:22-cv-00245-LG-BWR**

**CITY OF OCEAN SPRINGS PD et al.**                                **DEFENDANT**

### REPORT AND RECOMMENDATION THAT THIS SUIT BE DISMISSED AS FRIVOLOUS

BEFORE THE COURT is a suit filed pro se and in forma pauperis by Plaintiff Lacey Gajour. Plaintiff's Complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is time-barred.

### I. BACKGROUND

Plaintiff is pursuing her claims through 42 U.S.C. § 1983. She filed her Complaint on September 13, 2022, against "City of Ocean Springs PD" and Jackson County Sheriff's Department. She sought and received permission to pursue the case in forma pauperis. The allegations in the Complaint follow [all sic in original]:

> Defendants has ruined and made our lifes miserable, and family has been taken away from each other. Lives are destroyed and damaged.

> Each defendant has damaged 4 peoples lives and separated my family. Defendants has violated our freedom that led to mental disabilities and motor functions on everyday life.

> Justice for all. Dislocating 3 of my kids from me. In 2011 (12-31-2011) someone dispated the police on a possible overdoes and three kids were left alone and in danger. The police listened to the false statements and failed to believe what I was saying was true. Threw me in jail and called someone to displace my 3 kids and ambulance took the daddy to Ocean Springs ER 2019 – I became disable due to this mistreatment.

[1] at 5.

Plaintiff attached to her Complaint several documents, including:

1.  an "Ocean Springs Police Department Offense Form" dated December 31, 2011, charging Plaintiff with "three counts of Child Neglect, one for each child left in the trailer unattended," [1-1] at 1-2;

2   a May 17, 2012, Notice of Appeal to the County Court of Jackson County, Mississippi, from the April 25, 2012, judgment of the Ocean Springs Municipal Court "adjudging the defendant guilty of the charge of CHILD, CONTRIBUTING TO THE DELINQUENCY OR NEGLECT," *id.* at 3; and

3.  three June 13, 2017, Orders from the County Court of Jackson County, each dismissing a "charge of Contributing to the Delinquency of a Minor," *id.* at 6-8.

## II. DISCUSSION

In an action where the plaintiff is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the

record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*

"District courts may dismiss claims sua sponte under § 1915(d) where 'it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations.'" *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing *Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir. 1993)). Because 42 U.S.C. § 1983 does not provide a statute of limitations, it "borrows" a statute of limitations from the forum state's general personal-injury limitations period. *Moore,* 30 F.3d at 620. Section 1983 actions in this forum are governed by the three-year personal-injury limitations period in Mississippi Code Annotated Section 15-1-49. *See James v. Sadler,* 909 F.2d 834, 836 (5th Cir.1990).

Nevertheless, federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir.1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir.1995).

The incidents alleged in Plaintiff's Complaint occurred in 2011, 2012, and 2017. Plaintiff filed her Complaint on September 13, 2022, more than three years after she knew or had reason to know of the alleged injury or damages forming the basis of her claims. Plaintiff's claims are barred by the statute of limitations, and the

Complaint [1] should be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(b).

### III. RECOMMENDATION

Plaintiff's Complaint [1] should be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(b).

### IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy, any party may serve and file with the Clerk of Court written objections to this Report and Recommendation. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection. L.U.Civ.R. 72(a)(3).

A district judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal

conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 21st day of October, 2022.

*s/ Bradley W. Rath*
HONORABLE BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE